**SO ORDERED.**

**SIGNED this 06 day of May, 2011.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

**IN RE:**

**BRIAN BARRETT,**                                  **CHAPTER 13**
**EILEEN BARRETT,**                                 **CASE NO. 10-05854-8-RDD**

      **DEBTORS**

### ORDER SUSTAINING DEBTORS' OBJECTION TO FLAT FEE
### FOR FILING PROOF OF CLAIM BY REAL PROPERTY CREDITOR

Pending before the Court is the Objection to Proof of Claim by Wells Fargo Bank, N.A. filed by Brian Barrett and Eileen Barrett (the "Debtors") on September 22, 2010 (the "Objection") and the Response to Debtors' Objection to Proof of Claim filed by Wells Fargo Bank, N.A. ("Wells Fargo") on September 27, 2010 (the "Response"). The Court conducted a hearing on April 19, 2011 in New Bern, North Carolina to consider the Objection and the Response.[1]

The Debtors own real property located at 3199 Magnolia Circle, La Grange, North Carolina, where they reside. Wells Fargo is the holder of a Promissory Note (the "Note") secured by a deed of trust executed by the Debtors on September 28, 2007, in the original principal amount of

---

[1] The hearing on April 19, 2011, was a continued hearing which initially was conducted on January 4, 2011.

$98,455.00. In April of 2010, the Debtors defaulted in making the payments required under the terms of the Note.

On July 23, 2010, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. The order confirming the Debtors' plan was entered on October 26, 2010. Pursuant to the plan, the Debtors are to make direct monthly payments to Wells Fargo in connection with the Note. Additionally, the plan proposes to cure the pre-petition default.

On December 22, 2010, Wells Fargo filed its amended proof of claim. The amended proof of claim indicates the total principal amount of the claim is $102,646.12. This amount includes a claim for pre-petition arrearages in the amount of $4,748.80. The arrearage claim is itemized and includes a $300.00 charge for bankruptcy post-petition, pre-confirmation legal fees and expenses. The fees are described on the amended proof of claim as "[p]reparation and filing of the proof of claim and a review of relevant findings, account information and loan documents by a private attorney admitted to the regular practice of law in this district. The loan agreement and a recorded copy of the security agreement documenting creditor's security interest in debtor's real property are attached hereto. The subject fee/expense is in accordance with the loan, security agreement and applicable nonbankruptcy law." Wells Fargo's legal services were performed by a private attorney admitted to the regular practice of law in the Eastern District of North Carolina.

On August 30, 2010, Wells Fargo sent a fee assessment notice to the Debtors, notifying the Debtors of the $300.00 in attorneys' fees charged to the Debtors in connection with the amended proof of claim filing.

On September 22, 2010, the Debtors filed the Objection challenging the inclusion of attorneys' fees in the proof of claim and the inclusion of the inspection fee.[2]

The issue before the Court is whether Wells Fargo is entitled to charge a $300.00 flat attorney fee for filing a proof of claim secured by a deed of trust on a Chapter 13 Debtor's real property.

The Court concludes that a creditor whose claim is secured by real property may recover a flat reasonable attorneys' fee for filing a proof of claim in a Chapter 13 case if the following conditions are met:

(1) The creditor's claim is secured by real property owned by the debtor(s);

(2) Legal services were provided by an attorney admitted to the practice of law in this district and before this court;

(3) The proof of claim is accurate and complies with the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of North Carolina and the Administrative Guide to Practice and Procedure; and

(4) The creditor is authorized by the language in the loan documents to recover reasonable attorneys' fees.

However, based on the facts presented in this case, the Court finds that Wells Fargo is not entitled to recover the $300.00 fee because it is not authorized by the language in the loan documents to recover attorneys' fees.

---

[2] The original proof of claim filed by Wells Fargo included a $30.00 inspection fee. The Debtors no longer object to the inclusion of the inspection fee as Wells Fargo deleted this charge and that amount is no longer listed in the amended proof of claim.

## DISCUSSION

**I. Is a creditor's claim for attorneys' fees dependent upon the creditor being oversecured?**

The right of a real property creditor's attorney to recover attorneys' fees is not dependent upon whether the creditor is oversecured.[3]

The Bankruptcy Court for the Middle District of North Carolina addressed the issue of whether a real property creditor in a Chapter 13 case must be oversecured to recover attorneys' fees. *In re Bartch*, 2009 WL 3853215 *3 (Bankr. M.D.N.C. Nov. 16, 2009). There the court did not dispute that an oversecured creditor would be entitled to a reasonable post-petition/pre-confirmation attorneys' fees as part of its arrearage under 11 U.S.C. § 506(b). However, the court went on to find that a creditor's attorney may recover attorneys' fees without respect to whether the creditor was oversecured. *Id.*

That court applied 11 U.S.C. § 1322(e), rather than section 506(b) in considering the appropriateness of fees, because under the debtors' plan, "the [d]ebtors [were] curing a pre-petition default that occurred with respect to the [creditors] indebtedness." *Id.* 11 U.S.C. § 1322(e) applies to "contracts entered after October 22, 1994, the effective date of section 1322(e)." *Id.* There, the note and deed of trust were executed in August of 2006 and therefor section 1322(e) controlled. *Id.* The court stated that when a Chapter 13 plan proposes to cure a default, section 1322(e) overrides section 506(b) and recovery of post-petition fees, costs and interests, so long as provided for in the contract between the parties and permitted by state law, are permissible regardless of whether the creditor is oversecured. *Id.* (citing, *In re Plant*, 288 B.R. 635 (Bankr. D. Mass. 2003); *In re Taylor*,

---

[3]*Contra In re Parr*, No. 08-31956 (Bankr. W.D.N.C. Mar. 6, 2009), which requires property to be oversecured in order for creditor's attorney to collect attorneys' fees.

4

No. 02-10695, 2003 WL 22282173 (Bankr. D.Vt. Oct.1, 2003); *In re Landrum*, 267 B.R. 577 (Bankr. S.D. Ohio 2001); *In re Lake*, 245 B.R. 282 (Bankr. N.D. Ohio 2001); 2 *Keith M. Lundin, Chapter 13 Bankruptcy*, § 137.1, p.137-2 and § 304.1, p. 304-17 (rev.3d ed. 2007)).

Here, as in *In re Bartch*, the Debtors' Chapter 13 plan proposes to cure a pre-petition default which occurred with respect to Wells Fargo's indebtedness. Additionally, the Note and deed of trust, at issue in this case, were executed on September 28, 2007, subsequent to the effective date of 11 U.S.C. § 1322(e).[4] Therefore, so long as the Debtors are curing a pre-petition default, the attorney may recover reasonable attorneys' fees regardless of whether the real property creditor is oversecured, conditioned upon the contract between the parties having language which authorizes recovery of reasonable attorneys' fees.

## II. Does the Note and deed of trust between the Debtors and Wells Fargo authorize the recovery of legal fees and expenses for filing a proof of claim in a Chapter 13 case?

The main contention presented in this case is whether Wells Fargo is authorized under the loan documents to recover attorneys' fees. Along with its amended proof of claim, Wells Fargo filed a copy of the deed of trust, the Note and the Manufactured Home Rider to the Security Instrument. Both the Note and the deed of trust must be read together to determine whether Wells Fargo is authorized to recover attorneys fees. *In re Rangel* 408 B.R. 650, 670-671 (Bankr. S.D.Tex.2009) (citations omitted).

---

[4] 11 U.S.C. § 1322(b)(5) provides further statutory support that a real property creditor's attorney may collect attorneys' fee regardless of whether the creditor is oversecured. (stating that a debtor's plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due[.]")

5

At the hearing, Wells Fargo referenced the following language in the Note as permitting the recovery of attorneys' fees:

> If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. . . .
>
> *If Lender has required immediate payment in full*, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this note. (emphasis added).

The Bankruptcy Court for the Southern District of Texas was confronted with this very same language in a promissory note prepared by Wells Fargo when addressing the issue of whether a real property creditor was authorized under loan documents to recover attorneys' fees. *In re Rangel*, 408 B.R. 650 at 672 (stating that "[b]ecause Wells Fargo's claim is secured solely by the [debtors'] principal residence, it may be entitled to seek reimbursement for the amount it expended on . . . attorneys' fees if the loan documents so provide."). There, the court ruled that pursuant to the language of the note, Wells Fargo is required to exercise its right to accelerate the note before it is entitled to recover attorneys' fees for any costs and expenses incurred in enforcing the note. *Id.* at 673.

Here, as in *Rangel*, the Note provides for the recovery of attorneys' fees but requires Wells Fargo to exercise its right to accelerate the debt, before it is entitled to recover attorneys' fees. *Id.* at 672 - 673. At the hearing, Wells Fargo conceded that it had failed to exercise its right to accelerate the debt. Therefore, based on the language of the Note, Wells Fargo may not recover attorneys' fees.

Because the language under the Note does not allow Wells Fargo to recover attorneys' fees, the Court must now proceed to consider whether the language in the deed of trust, authorizes Wells Fargo to recover attorneys' fees. *See In re Rangel*, 408 B.R. 650 at 673. At the hearing, Wells Fargo identified the following provision in the deed of trust as authorizing attorneys' fees:

> If . . . there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property. . . .

The *Rangel* court also interpreted this very same language in a deed of trust and found that this language only authorized Wells Fargo to recover attorneys' fees if: "(a) the [debtors'] Chapter 13 case [was] a proceeding that may significantly affect Wells Fargo's rights in the collateral, and (b) [the attorney's proof of] claim services and filing of a fee application on Wells Fargo's behalf [were] necessary to protect the value of, and Wells Fargo's rights in, its collateral." *Id*. at 673.

The court concluded that the Chapter 13 proceeding did not significantly affect Wells Fargo's security interest, because as a home lender, Wells Fargo's rights under its security agreement, could not have been modified by the debtor's Chapter 13 plan. *Id.* Even if the bankruptcy case did significantly affect Wells Fargo's rights in the collateral, the court reasoned that the attorneys' services (i.e. the preparing and filing a proof of claim and fee application) were not necessary to protect the value of Wells Fargo's rights in its collateral, since the filing a proof of claim only preserves the right to collect arrearages due under a promissory note and as the court previously stated "Wells Fargo may only collect fees pursuant to the note if it first accelerates the debt - which it [had] not done." *Id.*

As in the *Rangel* case, here Wells Fargo is not authorized to recover attorneys' fees under the deed of trust. The deed of trust only authorizes recovery of attorneys' fees if: (a) the Debtors'

7

Chapter 13 case is a proceeding that may significantly affect Wells Fargo's rights in the collateral; and (b) the services provided by the attorney on Wells Fargo's behalf are necessary to protect the value of, and Wells Fargo's rights in its collateral. Here, filing a Chapter 13 petition by itself does not significantly affect Wells Fargo's security interest. The attorney's preparation and filing a proof of claim are not services that are necessary to protect the value of Wells Fargo's rights in its collateral, but only preserves its ability to collect arrearages due under the Note. The language of the deed of trust does not authorize the recovery of attorneys' fees.

In conclusion based on the loan documents before the Court, neither the Note nor the deed of trust authorize recovery of attorneys' fees from the Debtors' Chapter 13 estate.

### III. Were the attorneys' fees for the legal services provided reasonable?

Where language in the note and deed of trust authorizes collection of reasonable attorneys' fees, the issue then becomes whether the amount requested is presumptively reasonable for the services rendered. Wells Fargo entered into an agreement with this attorney to perform certain services for a flat fee of $300.00. "Such a flat fee arrangement represents a bargain struck by the client and the attorney and, while the amount of the flat fee is binding upon those parties, it is not necessarily binding on a debtor or bankruptcy estate from whom reimbursement is sought pursuant to section 506(b) or section 1322(e)." *In re Bartch*, 2009 WL 3583215 at *3.

Pursuant to "section 506(b) as well as North Carolina law, the fee to be awarded is subject to a reasonableness standard that may dictate an award that is less than the flat fee if the flat fee is excessive for the services provided by the attorney." *Id.* The applicant has the burden of establishing that the requested fee is reasonable. *Id.* (citing *In re McGuier*, 346 B.R. 151, 158 (Bankr. W.D.Pa. 2006); *In re Gwyn*, 150 B.R. 150, 154 (Bankr. M.D.N.C. 1993)).

Here, the services provided include: preparing and filing the proof of claim; reviewing relevant filings; reviewing account information; reviewing the loan documents and attaching a copy of the Note and deed of trust to the proof of claim. At the hearing, the Trustee represented that the majority of proofs of claim filed by real property creditors with his office included a flat fee charge for attorneys' fees. He stated that the included charge generally ranged from $150.00 to $300.00. The Trustee recommended that the court adopt a presumptive flat fee of $200.00 for a Chapter 13 real property creditor filing a proof of claim.

The United States Bankruptcy Court for the Western District of North Carolina allows a presumed legal fee for filing a proof of claim for attorneys for real property creditors in Chapter 13 cases of up to $250.00. *Administrative Order Establishing Procedure for Post-Petition Attorneys' Fees to be Effective July 1, 2009*, (Bankr. W.D.N.C. June 26, 2009); *See In re Parr*, Case No. 08-31956 (Bankr. W.D.N.C. Mar. 6, 2009).

The Court believes a presumptive attorneys' fee for filing a proof of claim for real property creditors in a Chapter 13 case of $250 is reasonable. This is also consistent with the Administrative Order entered by the Western District of North Carolina. Such adoption of this presumptive fee of $250.00 will help promote uniformity of this fee throughout the State of North Carolina.

## CONCLUSION

Therefore, the Court finds that a real property creditor's attorney in a Chapter 13 case may charge a presumptive flat fee of $250.00 for post-petition, pre-confirmation services by including that fee in an arrearage claim shown on the proof of claim, so long as the following conditions are met:

(1) The creditor's claim is secured by real property owned by the debtor(s);

(2) Legal services were provided by an attorney admitted to the practice of law in this district and before this court;

(3) The proof of claim is accurate and complies with the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of North Carolina and the Administrative Guide to Practice and Procedure; and

(4) The creditor is authorized by the language in the loan documents to recover reasonable attorneys' fees.

This does not preclude a creditor's attorney from filing a motion for additional fees, if warranted.  Further, debtors are not precluded from filing an objection to an attorneys' fee that is included in a proof of claim, if warranted.

As to the objection to the attorneys' fee claimed by Wells Fargo of $300.00 in the proof of claim, the objection is **SUSTAINED** and the allowance of the $300.00 fee is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**